The next case I have for argument is Franchino v. Terrence Cardinal Cook Health Care at Owl. And we're going to hear from the EEOC as well. Good morning. Good morning, Your Honors. Michael Diedrich, attorney for Michael Franchino, plaintiff appellant. This case is on an appeal from a motion to dismiss, and the issue is whether the complaint was plausible. I did not request the EEOC to be here, but I'm glad they are, and the EEOC is here. I've conceded five minutes of my time for the EEOC to argue as an amicus, and I'm reserving three minutes of time. So essentially, Your Honors, I feel I can stand on my briefs. I mean, I think the – I had a question for you then. So the EEOC is going to talk about the age claim and just focused on that. Tell me about the sex claim. What are the allegations that are sufficient to satisfy little John about sex discrimination in this case? Yes, Your Honor. And I think the harder claim is always age because it has the but-for, which requires a causative factor. With the Title VII claim, it's a motivating factor. All that needs to be involved is that there's a – that, in this case, gender was a motivating factor. And here we have – The causation standard affects the plausibility standard as well? I don't think so, Your Honor. But one of the things I did want to point out and have great concern on this particular case as a plaintiff's attorney is that from the opinion below, my worry is that even if I were to prove everything after discovery, I'd still get thrown out on a motion for summary judgment. And I just – it's not – it's disheartening to see district courts wanting – Let me focus a little more specifically. It seems as if the comments were – he's replaced by a younger, a much younger woman for his job. And there were a number of allegations of ageist comments made by the people who were making those decisions. So I'm sure the EEOC is going to want to talk about that. But it seems as though for the sex claim, all you've got is that she was – he was replaced by a woman.  Well, there's many – many other things regarding to sex, Your Honor, because one of the pretext – one of the pretexts, which is not yet even raised as a defense yet because we're at the pleading stage, but which I expect will come up, is an allegation that my client looked down the blouse of a woman. And the inference is that he's creating a hostile – sexually hostile work environment. But he was cleared of that. Yes. But the allegation is there. He was – What's the allegation, though? If the same guy – I think it was Hill as his supervisor – investigated him for that and said he didn't do it, right? So how is that evidence of sex discrimination? Well, we have the next level down, HR Supervisor Pizarro, who's a younger man who is, we believe, tasked with the – this woman, Mercado, another manager – she's a woman – and she tasks or gets – we believe discovery will show or defense will raise – got another woman to falsely claim the blouse-looking-down incident. And based upon that, if he – if my client were a woman, there would never be any sex involved with looking at another woman's blouse. But a man looking down a blouse, that was – that's sex-related. Apparently, I believe the Archdiocese – ArchCare will say that hostile work environment was based upon sex. We have favoring a – protecting the job of a woman, Ms. Mercado, at the expense of my client who is investigating Ms. Mercado. And, I mean, all those things would make a fact-finder think, you know what, additional motivation here besides age, getting rid of the dirty old man where dirty is the pretext because he wasn't a dirty old man. He was just an old man, older man. But even without that, is there enough, though, the fact he was replaced by a woman for that job? Is that enough under Little John to get by 12b-6? Well, under Little John, yes, Your Honor, because there's a relaxed pleading stage – standard at this stage because the defendants haven't even put in a defense and haven't even yet offered a legitimate business justification. So you're saying under Little John it's sufficient for a male plaintiff to plead that they were replaced by a female. That's sufficient to survive the motion to dismiss? Is that the case? The inference of discrimination, yes. So any male terminated and replaced by a female has pled enough to get to discovery? Is that – Bare minimal pleading, yes, Your Honor. That you're qualified for the job, that there's evidence of discrimination such as a white employee being replaced by a black or vice versa, or a man being replaced by a woman, or a substantially older replaced by a substantially younger, because I do agree with the concept of if you're a day or a year younger, that's not plausible that that's a discrimination claim, but where it's as lit here. And you think it's plausible that you're replaced by a woman, so that's evidence of discrimination? No. I'm just saying, Your Honor, for the prima facie case of discrimination that's required to be pled at the pleading stage, not the summary judgment stage, but at the pleading stage, the bare bones pleading would be that you're qualified for the job, that you were replaced by somebody who's in a different protected group, you know, man, woman, black, white, older, substantially younger, and that there was adverse job action. Take out black, white, and take out older, substantially younger, and back to Judge Nathan's question. Man. Woman. All you have to do is plead that and you're off to the races, at least to summary judgment? You're off to the races to do discovery, to determine whether there's more to it, because the defendants will have to. Just how do we articulate that in a well-crafted opinion so that employers are well on notice of that fact that, gosh, if you replace a man with a woman, or vice versa, I guess, or vice versa, obviously, that's sufficient pleading and you guys are going to engage in a discovery? I think it's easier, Your Honor, if you only replace the man by the woman because he's a man and you're a woman, you're subject to potential Title VII liability. Now, the answer to the employer, that is, all you need is a bona fide business justification for your action, and you're safe. But you don't, even if you have that, you're subject to discovery. If you've replaced a male employee with a female employee. And you take an adverse job action to a person who's qualified to do the job. So you have a number of things. So there's more to it than just replacing a man with a woman. Right. You're going to need adverse job action. You've reserved some time for rebuttal. So let's hear from. May I ask one more? Yes, of course. You are revising, reviving, attempting to revive the retaliation claim? Not what I'm asking this Court to do is simply indicate to the district court that in its discretion, it should consider, if appropriate, to revive the claim if the facts warrant. Do we have jurisdiction to do anything over a claim that was voluntarily abandoned? I don't know that you have anything other than to express what I think general law would be, which would be if the fact or facts arising during discovery show evidence of retaliation, because I will admit I'm weak on information about that because I've had no discovery. Because you withdrew the claim. I withdrew the claim, Your Honor, because, frankly, district courts like to throw out employment cases. And I figured, you know what? I'm going to save the district court judge the aggravation of dealing with a weak retaliation claim when I have a strong age and gender claim. But in looking at the case, I'm just saying if the facts as they develop indicate retaliation, which I think they very easily could, but I don't know because I don't have discovery, that the district court would be allowed to do that in its discretion. So if you get back to the district court, you essentially want to be making the pitch to the district court that you're making to us, and you don't want us to block the district court? Correct, Your Honor. Okay. Sorry. The podium, I think, will come down if you would like it. Thank you. I think this should be good. All right. May it please the Court. My name is Anne-Noel Occalino, and I represent the EEOC as amicus. And Your Honors are correct. The EEOC weighed in on this case to address simply the age discrimination in employment claim. And our position is that the complaint satisfied the Iqbal-Twombly pleading standard, and that the complaint was plausible as to the age claim, and the Court therefore erred in dismissing it. Of course, in assessing whether a claim is plausible under Iqbal and Twombly, the Court must accept all the well-plead facts as true, and then determine whether it plausibly alleges a claim for relief. So the Court has to be able to draw a reasonable inference that the defendant is liable for the misconduct alleged. And the Supreme Court held in the Siergiewicz case, in this case affirmed in Little John, that it's not necessary to plead facts showing a prima facie case of discrimination, although this case said in Little John and in Vega in separate footnotes that the prima facie case can be a helpful prism to assess whether a complaint meets the plausibility standard. But this Court said in Little John you don't have to do the prima facie case, but you have to have enough to plausibly allege facts that there's an adverse action and that age was the but-for cause of the adverse action, because but-for is a standard. I'm not sure it matters, Counsel, but is there clear authority from this Court that Little John applies just the same in the ADA context, or does the heightened causality requirement affect the pleading standard in any way? There isn't a heightened pleading requirement for employment cases. We get that from Siergiewicz. And you're correct that Little John was not about age. But I think it's undisputed that age has a but-for standard. Title VII has a motivating factor and allows for that. But the question is really the same. It's still whether the well-pled facts taken as true plausibly allow an inference of discrimination. And I don't know of any authority from this Court to suggest that there's a different plausibility standard for age claims versus Title VII claims because of the but-for versus motivating factor, if that's what Your Honor is asking. And the district court here held that there wasn't enough. The Court recognized, of course, there wasn't. The question I would ask is should there be a different standard? Should you tweak the standard for pleading for plausibility in an age case because an age case has a much more stringent causation aspect to it? I see that as going to the question of what is the standard. The standard is but-for, which doesn't mean sole cause, but it means a determinate factor. And so that's right there. It's coming from a motivating factor or a substantial factor, isn't it? Right. But at the complaint stage, the question for Title VII, do you have enough plausibly to allege motivating factor? Age, the standard, I agree. This is higher. It's but-for. But it's just the standard articulation of but-for versus motivating factor. But your ultimate question, a motion to dismiss, are there enough facts here that plausibly meet standard of Title VII or age? Well, let me just, thank you. Age being viewed through the but-for lens. Yes. All right. That's correct. And I think that the fact, so the question here before the district court, were there enough facts that we can infer that age discrimination was the but-for cause of this adverse action here? The court said no. We respectfully disagree. There was evidence of replacement by somebody who was younger. So the plaintiff alleged, I was fired when I was older. I was performing satisfactorily. I was replaced by a woman who was much younger. He gave the name of the person who replaced him, Christine Nation Jump. But in addition to replacement, which I think is enough under Littlejohn, which is published precedent from this court, the defendant cites the Marcus case, I think that that's enough. But also here in this case, we had pretty fairly detailed allegations about age-related comments, jokes, and cartoons in the workplace. And it wasn't just one or two comments. I think that the defendant somewhat misrepresents the amended complaint by suggesting that. The complaint actually uses the word frequently twice, in paragraph 20 and in paragraph 21, when talking about the jokes and the comments. And it uses the word includes just prior to this joke about, hey, you're 67, and you're so old you've got four teenagers. And the carry-out comment, includes. So those specific details of the jokes and comments are just illustrated, the frequent comments and jokes that occurred during the workplace. And then finally, I just have a little bit more time. I think the third error that the court made was about the same actor inference. I don't think that this is a case where the plaintiff has pled himself out of court just because he was fired at age 61 and fired at age 68. That is a lengthy period of time. And this court has said in Carlton, the same actor inference is probably not enough if it's more than six years. So eight days, yes. Six months, yes. Maybe two years. But here we have quite a lag in time. The complaint also does not detail who exactly hired the plaintiff, so it's not clear that it really was the same actor. So respectfully, we do think that there was enough here to plausibly infer that age discrimination was the cause, the but-for cause of the plaintiff's termination. Great. Thanks. Thank you very much. And, Mr. Stolzer, I know we've got a little extra time if you need it. As you can see, we're not cutting you off right on the red light. That's fine. Either way, Your Honor. My name is Ernie Stolzer. I represent the appellants, all of the appellants in this action, the Roman, the Catholic Archdiocese, Terence Clark, and, of course, health care, and also large care. Actually, I got thrown off a little bit by some of your questions and the gender issue. The response, and I'm not sure now what the response was by the appellee, whether the fact an individual was replaced, a male was replaced by a woman is sufficient to meet the plausibility standard. I don't think that's correct. There's nothing in the case law that indicates that. There is, I think we finally got around to if there was adverse job action and you're replaced by, if you're a male by a female, female by a male, that's sufficient. I disagree with that as well. In most circumstances, actually, first of all, it comes as a bit of a surprise for most employers, but even if there's a, let's say, a restructuring of the department, that's an adverse, it has adverse consequences. To just say because that happened without war, and we get, I think, I'm not trying to be critical, I guess I am being a little critical, of the appellee's counsel. Going to discovery is not a simple thing.  Well, discovery for an employer is an expensive, time-consuming, very administrative nightmare of a situation. I'm not saying it's not appropriate, but there is a gatekeeper function that's been enunciated in all these cases. So we strongly disagree with that. What about the Mercado information, though? Doesn't that add to just the replaced by a woman situation here? There was an allegation that the Mercado incident also showed some sex bias against him, especially since Hill was a friend of Mercado's, did the investigation, and was instrumental in his discharge. Doesn't that add a little more meat to the bone? I don't think having a, if there is a complaint by, in this case, it happened to be a female, that they were the subject of sexual harassment, that employer, under all the other law that's involved in this area, has an absolute obligation to investigate. If they don't, they do it at their peril. I don't think the fact there was an investigation means sex discrimination. It means there was a complaint. They had an obligation to investigate. There's some allegations made in here, and it sort of folds over, Your Honor. I don't want to mix the two, but the complaint really kind of mixes them all together. For instance, the allegation that nationality and ethnicity was one of the reasons. We have, and it's based on, in that particular case, it's based only on the fact that one of the supervisors, Pizarro, was Hispanic. The person that reported to him, Hill, was not, but was sort of beholding to him, was following his lead. Mercado is Hispanic. Therefore, we're supposed to assume that, of course, Mr. Pizarro must have been trying to protect Mercado. I mean, one, it's the best phrase you could put to it is speculative. A lesser phrase would be it's kind of insulting. Can you address the age claim, though? There seems to be a lot to the age claim. There's more to the age claim. I agree. There's also the difference with the age claim is we have to weigh the age claim in terms of the but-for standard. Counsel for the EEOC discussed it. I think we're all in agreement. Well, maybe we're not. I would argue, I would argue, I don't want to say we're all in agreement. I would argue, when I say all, I meant down here, that the but-for is a harder standard. But for his age, he would not have been terminated. And there has to be plausible, you have to reach a plausible, that that is plausible. In this particular case, as I think appropriately set out by the district court judge, if we look at the complaint in context, it's very careful about drafting specifically when Mr. Pizarro or Mr. Hill would say things, and then generalizing on some other things, the cartoons, the jokes, the e-mails. And for the purposes of this motion to dismiss, we have to assume they occurred. There is no allegation that those were done by Mr. Pizarro or Mr. Hill, that they were any part of that, that they made any of the jokes, that they did anything. It's also alleged in there they were the decision-makers. There was an allegation that they ordered, actually it's ironic, is that Mr. Pizarro asked or directed Mr. Francino to investigate Ms. Mercado. And that really goes, I suppose, to the nationality, ethnicity. There's also no allegations of any temporal proximity between those comments, between the comments or between the cartoons or any of those alleged circumstances. No timing to when this allegation- So what would have been adequate in your view, putting your hat on for the other side? Well, if I was putting my hat on for the other side, considering I would be representing the person that was in the room for those comments, was on the e-mail for the e-mails, saw the cartoons, was an HR person himself, I think what I would suggest is the complaint to meet the plausibility standard has to say, and Hill or Pizarro made the comments. Hill or Pizarro sent the e-mails. They were involved. I'm looking in the appendix, page 4, paragraph 21 of the complaint. Specifically, during his employment with defendant, plaintiff was frequently the brunt of embarrassing and hurtful age-related jokes made by his superiors or condoned by his superiors, including but not limited to Hill, Pizarro, on conference calls, company-sponsored functions, and at business meetings. And then counsel for EEOC suggests there are some specific examples given which are not meant to be exclusive. So why isn't that allegation sufficient? What I would suggest, Judge, is these generalized allegations from a person who knows specifically what happened are not sufficient. You can't just throw their names in there when you're, especially in the case here where this is the individual that was on the scene, was actually involved. I understand, I think it's different. These age-related jokes included making, page 8, paragraph 18, included making fun of the fact that at age 67 had four children who were barely teenagers, then regularly directed age-related jokes in the next paragraph, condoned by Hill. There's a lot in those three or four paragraphs that Judge Nathan's directed our attention to, isn't there? There's some specificity there, isn't there? I agree. It's not without, I mean, I would be looking foolish to suggest that. But I don't believe in this particular case with the but-for standard, with the higher level of, I believe, a higher level of scrutiny that has to be paid to this particular kind of claim. And when I say this particular, I mean the age claim. That there are needs, and I realize I'm repeating myself, and just bear with me. From the person that's actually involved, there can be specifics that would nudge us over the finish line or nudge the lower court judges. Such as? Well, that on about such a day, this specific thing was said to me. I'm not so sure, and I'm not so sure the comment about a carry-out means age. I mean, I. But those are inferences to be drawn. Excuse me? Those are inferences to be drawn as to whether that's age-related or not. Yes, I agree with that. But I think if it all comes down to that one comment, Your Honor, I don't think that I believe that to meet the plausibility standard, especially when combined with the heightened obligation of establishing, at least at the pleading stage, his age is the but-for reason, there needs to be more than just that one comment. And that's essentially, I don't want to say, not limited to just that, but essentially in looking at what was alleged, that's what the lower court judge found. We think it was a well-reasoned opinion. We think he was correct. And in terms of, well, I don't think I need to comment on the retaliation claims. I mean, that's for another day. I think you've made that clear. But, anyway, for any other issues, you actually, if I could, in terms of, oh, I'm sorry. I'm out of time. I apologize. No, you can leave. If I could, just on the issue of whether there should be a different, whether Iqbal and such apply to the age case, I think that's a significant issue. I think there has to be a heightened, I would suggest, I don't think I would suggest to the Court there should be some sort of heightened test here that makes accommodation or folds in that the but-for is significantly different than the Title VII standard. I wish I had a ---- Well, we know what the standards are in order to essentially get there, but why is it wrong or how else should we do it other than apply, I will say, an Iqbal-Twombly overlay to that and determine whether you meet the heightened pleading standard? I'm not suggesting it's wrong, Your Honor. What I'm suggesting is standing here trying to think very quickly. I'm not sure. Maybe it's simply that as to a very specific emphasis on the but-for. Well, whether they plausibly pleaded enough facts that gets you over the but-for or gets you to the but-for. There hasn't been, I think, from this circuit at least, a decision applying the plausibility to the but-for. But if there is, which is a good chance it's coming down the pike here, I would just suggest that that decision should emphasize, needs to emphasize heavily that the standard of but-for is significantly different than the standard under Title VII. And I apologize for going over. No. No apologies necessary, Mr. Soltzer. Thank you very much. And, Mr. Diedrich, you've reserved three minutes. Yes, Your Honors. Plaintiff's attorneys in employment law, we turn down, I turn down a huge percentage of people that come to me. The gatekeeper factor, I have the archdiocese, the richest church in the world, and a sole practitioner. I don't want to work any harder than I need to. I don't want to take on a case that's a bad case. But I want a case that I can bring to a jury where the jury can see all the facts. I think a jury, an American jury, is better than any of us here at seeing, especially a case like this, where there's a lot of things, a lot of moving parts, a lot of factors, where a jury could say, you know what, yes, we do agree with the plaintiff's attorney that it looks like ethnicity and gender motivated the decision because they're both Hispanic, they're both man and woman in the decision. And as to the age aspect, I — it was approximate cause. And I think it's wrong for Your Honors — there's not a heightened standard. I think — I have EEOC here beside me. I should ask. But I think the motivating factor is really a lower standard. I think but-for is the same as a negligent standard. You drive a car, but-for being negligent, you caused the person injury. Here, but-for age, it's approximate cause as opposed to merely a motivating factor. So I would suggest that Title VII requirements are lower and that the but-for is like every other cause of action in law where you need approximate cause to result to cause the actions. I don't think it's heightened at all. As far as Littlejohn, Littlejohn's decision says, I'm reading from the decision, the fact that a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination at the initial prima facie stage of a Title VII analysis, including at the pleading stage. That's, as I argued before, it's right out of the Littlejohn decision. And all it does, Your Honor, is get me and my client in the door. I don't want to pursue a case. I just want to have the discovery that will allow me to go forward with a case that I think is a good case, and a case like this where there's a lot of different facts and factors involved. One of the factors was, as I argued in the briefs, did the employer decide, you know what, we have Mercado, who, if we fire her, she's a woman, she's Hispanic, and she's now making an ADA claim. If we fire her, we have a lawsuit. Why don't we just fire the person who's charged with investigating her for abusing her subordinates? Now, I didn't have enough facts at hand, because my client didn't know whether the abuse that Mercado was doing of her subordinates was race or ethnicity-oriented or whether it's just basically being not a nice boss to everyone, equal opportunity jerk. I don't know that. But if my client was investigating, if the facts were to show that my client was investigating a woman who was discriminating unlawfully with regard to her subordinates, and then my client was fired for being tasked with doing that, that's also protected activity on his part, and he should have been allowed to do it. So in conclusion, I think the mosaic of discrimination, a jury is best to see the big pieces. It doesn't do justice to the plaintiff or to our system. Thank you, Your Honor. Thank you. Thank you, all three of you. Thanks to EEOC for showing up as amicus. Appreciate it. And we'll reserve decision.